IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Jeremy Kerr, | Case No. 3:09 CV 2901 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | |
| | JUDGE JACK ZOUHARY |
| Alan Mayberry, et al., | |
| Defendants. | |

*Pro se* Plaintiff Jeremy Kerr filed this action (Doc. No. 1), under 42 U.S.C. § 1983, against Defendants Alan Mayberry, Ray Fischer, Aram Ohanian, Paul Dobson, Cindy Horner, Rebecca Bhear, Mark Wasylyshyn, Jim Carter, Tim Brown, and Alvin Perkins, all of whom are Wood County, Ohio officials or employees.

**BACKROUND**

Plaintiff alleges that on August 29, 2007, a bench trial was held in Wood County Common Pleas Court before Judge Mayberry in Case No. O7-CR476; evidence in Plaintiff's favor was allegedly ignored by the judge; and Kerr was found guilty of passing bad checks. Kerr was sentenced to 24 months incarceration and released in October 2009.

Plaintiff now asserts that his due process and equal protection rights were violated when his case was improperly reassigned to Judge Mayberry, when Wood County prosecutors continued to prosecute him despite evidence of innocence, when Judge Mayberry knew the case was reassigned to him without a journal entry from the administrative judge, when Sheriff Wasylyshyn knew he did

not have authority to transfer Plaintiff to the Ohio Department of Corrections and Rehabilitation, and when the County Commissioners knew of these improper actions.

## ANALYSIS

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). For the reasons stated below, this action is dismissed pursuant to §1915(e).

Under the *Rooker/Feldman* doctrine, "lower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments." *Gottfried v. Medical Planning Services, Inc.*, 142 F.3d 326, 330 (6th Cir. 1998) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); 28 U.S.C. § 1257). *Rooker/Feldman* abstention applies when two conditions are met: (1) the issue before the district court is "inextricably intertwined with the claim asserted in the state court proceeding," and (2) the claim is "a specific grievance that the law was invalidly -- even unconstitutionally -- applied in the plaintiff's particular case" (as opposed to a "general challenge to the constitutionality of the state law applied in the state action"). *Tropf v. Fidelity Nat. Title Ins. Co.*, 289 F.3d 929, 937 (6th Cir. 2002).

Plaintiff's current suit is clearly a direct challenge to his state court conviction. His Complaint focuses on the state trial judge's alleged failure to consider exculpatory evidence. Thus, the claim in this case is "inextricably intertwined" with the issues decided in the state court proceedings, thereby satisfying the first *Rooker/Feldman* element. The second *Rooker/Feldman* element is also satisfied,

2

because Plaintiff challenges the constitutionality of the proceedings as applied to him, not the procedures or statutes themselves. *See, e.g.*, *Rowls v. Weaver*, 24 F. App'x 453, 455 (Section 1983 challenge to state court conviction barred by *Rooker/Feldman*). Finally, Plaintiff's claims cannot be construed as a habeas petition because he has been released from prison and therefore does not satisfy the "in custody" requirement of 28 U.S.C. § 2254(a).

## CONCLUSION

Accordingly, this action is dismissed for lack of subject matter jurisdiction, Plaintiff's Motion to Proceed *In Forma Pauperis* is granted, and the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

February 8, 1010